UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALBERT GREEN JR.  (#285637)

VERSUS                                                                         CIVIL ACTION

BURL CAIN, ET AL                                                       NUMBER 09-369-JJB-DLD

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on June 8, 2010.

                                      **MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


ALBERT GREEN JR.  (#285637)

VERSUS                                                              CIVIL ACTION

BURL CAIN, ET AL                                          NUMBER 09-369-JJB-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the petition Albert Green, Jr. for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner entered a plea of guilty to one count manslaughter (Count 1), one count first degree feticide (Count 2) and one count possession of a firearm by a convicted felon (Count 3) in the Eighteenth Judicial District Court for the Parish of Iberville on April 18, 2005.  Petitioner was sentenced to a 40 year term of imprisonment at hard on Count 1, a 15 year term of imprisonment at hard labor on Count 2, the sentence to be served consecutively to the term in Count 1, and a 10 year term of imprisonment at hard labor on Count 3, five years of the sentence to be served concurrently with Counts 1 and 2, and five years of the sentence to be served consecutive to Counts 1 and 2.  Petitioner did not appeal his convictions and sentences.

Petitioner signed his application for post-conviction relief on April 10, 2007, and it was filed in the district court on May 15, 2007.  On June 19, 2007, the trial court denied review.  Petitioner sought review in the First Circuit Court of Appeal.  On May 27, 2008, the Louisiana First Circuit Court of Appeal denied review.  *State of Louisiana v. Albert Green,*

1

*Jr.*, 2008-0395 (La. App. 1st Cir. 5/27/08).  Petitioner sought review by the Louisiana Supreme Court.  The Louisiana Supreme Court denied review on May 15, 2009.  *State ex rel. Albert Green, Jr. v. State of Louisiana*, 2008-1966 (La. 5/15/09), 8 So.3d 574.

Petitioner signed his federal application for habeas corpus on June 3, 2009, and it was filed on June 17, 2009.

No evidentiary hearing is required.  Petitioner's federal habeas corpus application is untimely.

Under § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act, a prisoner in custody pursuant to the judgment of a state court has a one year period within which to file an application for a writ of habeas corpus.  The limitation period runs from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.  28 U.S.C. § 2244(d)(1)(A).

As provided by § 2254(d)(2), the time during which a properly filed application for state post-conviction or other collateral review, with respect to the pertinent judgment or claim, is pending shall not be counted toward any period of limitation under this subsection.  A "properly filed application" is one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing. *Lovasz v. Scig*, 134 F.3d 146, 148-49 (3rd Cir. 1998); *Galindo v. Johnson*, 19 F.Supp.2d 697, 701 (W.D.Tex. 1998).  A state application is "pending" during the intervals between the state court's disposition of a state habeas corpus petition and the petitioner's timely filing of petition of review at the next level.  *Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

Petitioner's conviction became final no later than May 18, 2005.[1] By the time the petitioner sought post-conviction relief in the trial court on April 10, 2007, the time limit to file a federal habeas corpus application had already elapsed.[2] Petitioner's federal habeas corpus application was not timely filed.[3]

## RECOMMENDATION

It is the recommendation of the magistrate judge that the petition of Albert Green, Jr. for habeas corpus relief be dismissed, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

Signed in Baton Rouge, Louisiana, on June 8, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

---

[1] For purposes of § 2244(d)(1)(A), a state conviction becomes final by the conclusion of direct review or the expiration of the time for seeking such review.

[2] Although the entire state court record was not filed in response to the court's June 30, 2009 order, the portions of the state court record produced are sufficient to determine whether the petitioner's federal habeas corpus application was timely filed. Moreover, the dates relied upon to determine timeliness are not disputed by the petitioner.

[3] In order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief. *Coleman v. Johnson*, 184 F.3D 398 (5th Cir. 1999). A review of the record disclosed no "rare and exceptional circumstances" to justify equitable tolling. *Fisher v. Johnson*, 174 F.3d 710 (5th Cir. 1999).